MEINHARD COMMERCIAL CORPORATION, APPELLEE; DORCY CYCLE SHOP, APPELLEE, *v.* SPOKE & WHEEL, INC., APPELLANT. (Two cases.)

(Nos. 36213 and 36214—Decided May 26, 1977.)

APPEALS: Court of Appeals for Cuyahoga County.

*Mr. Maynard Melamed,* for appellees
*Mr. Paul Mancino, Jr.,* for appellant.

DAY, C. J. Two appeals are included in this disposition. Both follow judgments in the Bedford Municipal Court in favor of plaintiffs Meinhard Commercial Corp. and Dorcy Cycle Shop (appellees) against defendant Spoke & Wheel, Inc. (the appellant) in actions brought on various accounts.[1] The appeals are considered together because the essential facts and issues are identical.

Defendant filed answers to both complaints. The court granted defendant's motion for the continuance of a pre-trial conference scheduled for January 12, 1976. The pre-trial conference was rescheduled for February 5, 1976. On February 4, 1976, defendant again filed a motion for a continuance asserting the ground that defendant's counsel was informed on February 3rd that a criminal jury trial was to commence in the Court of Common Pleas in which he was the attorney of record. The court overruled the motion[2] and on February 5th received proof in support of

---

[1] Plaintiff Meinhard was awarded a judgment for $1,890.54 plus interest and costs. Plaintiff Dorcy was awarded a judgment for $2,768.74 plus interest and costs.

[2] The entry states that the motion was "denied." That is construed to mean overruled.

plaintiffs' claims, defendant being absent, and entered a judgment in favor of each plaintiff.

Defendant filed motions for new trial and for relief from judgment.[3] After a hearing on March 2, 1976, all the motions were denied.[4]

Defendant raises five assignments of error for each appeal. The assignments of error are identical in each case.[5] For reasons assessed below, the first and second assignments are well taken and the third, fourth, and fifth assignments of error are not.

### I.

Assignments of Error Nos. 1 and 2 are considered together because they may be disposed of by reference to a single set of facts.

The court's entry overruling defendant's motion for relief from judgment stated that the basis for that decision was the fact that the pretrial conference was "regularly assigned" prior to the assignment involving defendant's counsel in the Court of Common Pleas. In effect, the Bedford Municipal Court concluded that because the pretrial conference was scheduled prior to the setting of the date for the criminal jury trial in the Court of Common Pleas no continuance need be granted to permit the attorney to

---

[3] Motions for new trial and relief from judgment were filed by defendant in each case on February 23, 1976. Separate motions for relief from judgment were filed on February 25, 1976, in which defendant asserted additional grounds not stated in the earlier motions.

[4] See fn. 2.

[5] Assignments of Error Nos. 1-5:

"1. The Bedford Municipal Court committed prejudicial error in entering a judgment in violation of its own rules at a pre-trial hearing.

"2. The court committed prejudicial error in not granting a continuance of the pre-trial hearing.

"3. The Bedford Municipal Court committed prejudicial error in not granting a new trial nor relief from judgment in this case.

"4. The Bedford Municipal Court committed prejudicial error in not granting relief from judgment by reason of the fact that the matter was heard by a referee and there was failure to comply with Rule 53 of the Ohio Rules of Civil Procedure.

"5. Other errors apparent upon the face of the record and occurring during the course of the proceedings."

be present for the pretrial conference. This conclusion was in error. While courts have discretion in determining when to grant a continuance, that discretion can be abused. Where there is a "standoff" in scheduling between a pretrial conference and a jury trial, it is an abuse to force, on pain of a default judgment, precedence for the pretrial. Much more is unhinged by the rescheduling of a case set for trial than the rescheduling of a pretrial conference. Overruling the motion for a continuance under the circumstances was an abuse of discretion. Assignment of error No. 2, therefore, is well taken.

As an apparent result of defendant's attorney's absence from the pretrial conference, which went forward as scheduled, the court entered final judgments in favor of plaintiffs against defendant. These rulings simply underwrote the error demonstrated by the earlier abuse of discretion in the denial of the request for a continuance. Moreover, the judgments provide clear evidence of the prejudice that stemmed from the abuse. Although we do not agree with defendant's assertion that the court violated its own rules by entering a judgment,[6] we do find that the court's exercise of its inherent power was abused. The appellant is right for the wrong reasons.

Assignment of Error No. 1 is well taken.

## II.

The Journal Entry of Judgment filed on March 8, 1976, recited that defendant's motions for a new trial or relief from judgment came on for hearing on March 2, 1976, and were "denied." A presumption of regularity attends the court's action. Defendant has filed no transcript or other statement of the evidence to rebut that presumption. In the absence of an adequate record, which is the

---

[6] Uniform Municipal Rule 10, adopted by the Bedford Court, does not expressly give that court authority to grant a judgment against a party whose attorney fails to appear at a scheduled pretrial conference. The court had inherent power to grant a judgment based on the failure to defend the action. However, the exercise of that power under the circumstances was an abuse of discretion. Query, was there also a violation of the notice provision of Civ. R. 55(A)?

appellant's responsibility, see App. R. 9 and Local Rule 4, the merits of the assignment of error cannot be evaluated.

Assignment of error No. 3 is not well taken.

### III.

The record contains no evidence to support defendant's assertion that a referee heard and decided this case below without complying with Civ. R. 53.[7] In the absence of an adequate record to exemplify the claimed error, the merits of the fourth assignment are beyond appellate reach. See App. R. 9 and Local Rule 4.

Assignment of Error No. 4 is not well taken.

### IV.

Errors not specifically pointed out in the record and argued on brief need not be considered. App. R. 12(A)

Assignment of Error No. 5 is not well taken

*Judgment reversed.*

STILLMAN and JACKSON, JJ., concur.

---

[7] In defendant's February 25, 1976, motion for relief from judgment an affidavit was attached. In it the attorney for the defendant asserts the facts upon which he now relies. However, the affidavit is not record evidence. A hearing was held on the motion. Defendant should have supplied a transcript or other narrative statement of evidence adduced at the hearing.