SHAW, a.k.a. Watson, Appellant,

v.

SHAW, Appellee.

[Cite as *Shaw v. Shaw* (1991), 72 Ohio App.3d 546.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58044.

Decided Feb. 19, 1991.

*Judith S. Hunt,* for appellant.

*Weiss, Neiditz & Assoc.* and *Joyce H. Neiditz-Snow,* for appellee.

---

KRUPANSKY, Chief Judge.

Plaintiff, Mavis M. Shaw, a.k.a. Mavis M. Watson, filed a notice of appeal in this the Eighth District Court of Appeals purporting to appeal a decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, in favor of defendant, Alvia A. Shaw, Jr. Plaintiff, however, indicated the appeal was from case No. 84-D-151704, which was a prior action between these parties. Plaintiff later realized she had meant to appeal case No. 192456, which was originally filed in 1986, and filed a separate notice of appeal. However, the second appeal was subsequently dismissed for failure to file a timely appeal pursuant to App.R. 4(A). The confusion has apparently resulted because case No. 192456 was consolidated with case No. 151704 in the trial court. In plaintiff's attempt to prepare the record on appeal she has failed to include any part of the record from case No. 192456, which is the case in which the alleged errors occurred.[1]

■ Ohio courts have consistently held as follows:

"A presumption of validity attends the trial court's action. In the absence of an adequate record, which is the appellant's responsibility, see App.R. 9 and Loc.R. 3 of the Ninth Appellate District, we are unable to evaluate the merits of the assignments of error and must affirm the trial court's decision. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385; *Meinhard Commercial Corp. v. Spoke & Wheel, Inc.* (1977), 52 Ohio App.2d 198, 201–202, 6 O.O.3d 180, 182, 368 N.E.2d 1275, 1277." *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238.

---

1. Plaintiff has assigned four errors on appeal as follows:
"I. The trial court erred in declining to exercise jurisdiction where a California court has declined jurisdiction and where said child and mother have been residents of Ohio for 7 years.
"II. The trial court committed an abuse of discretion by denying motion of plaintiff-appellant (plaintiff's brief in opposition to defendant's motion to dismiss) when requested for hearing.
"III. The trial court erred in consolidating case No. 89-D-192456 and case No. 84-D-151704 where case No. 151704 had been determined and closed in 1987; and in granting appellee's motion to dismiss.
"IV. The trial court erred in assigning case No. 192456 to the final appealable order instead of case No. 151704, the consolidated case number."

■ In addition, the fact that two cases were consolidated by the trial court does not relieve plaintiff of timely appealing each case and perfecting the record.[2] Loc.R. 3(B)(3) of the Eighth Appellate District provides as follows:

"*A separate notice of appeal shall* be filed in the trial court for each case appealed *whether or not the cases have been consolidated.*

"The appeals shall be separately docketed by the clerk of this court assigning a separate appeal number for each case determined by the trial court whether by separate or joint judgment entries and whether a separate or joint notice of appeal has been filed.

"Immediately upon filing the notices of appeal, the appellant shall file a motion in this court requesting consolidation of the appeals, and the filing of a joint transcript of proceedings and joint briefs, where the cases were consolidated in the trial court, and consolidation upon appeal is also appropriate. If appellant fails to do so, the appellee may file a motion for consolidation, or the court may *sua sponte* order consolidation of the appeals." (Emphasis added.)

■ In the case *sub judice*, plaintiff has failed to provide this court with an adequate record to determine the merits of her appeal. In the absence of an adequate record, this court must presume the regularity of the trial court's actions and affirm its judgment.

Accordingly, plaintiff's four assignments of error are not well taken and are overruled.

*Judgment affirmed.*

DAVID T. MATIA and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.

———

**2.** Plaintiff-appellant is attempting to perfect her appeal in both cases from one final appealable order dated June 12, 1989. A timely notice of appeal was filed on July 6, 1989 in CA 58044 (84–D–151704). An untimely notice of appeal was filed on August 10, 1989 in CA 58241 (192456).

On August 16, 1989 this court made the following journal entry:

"Motion by appellant to consolidate cases [CA] 58044 and [CA] 58241 is denied. Case number 58241 is dismissed for failure to file a timely appeal per App.R. 4(A)."