This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Oatey Company, Inc. and Gary Oatey (collectively "Oatey"), appeal from judgments of the Medina County Court of Common Pleas that awarded damages and prejudgment interest to appellee, RPM, Inc. ("RPM"). We affirm.
{¶ 2} This case has a lengthy history including two prior appeals to this court. RPM filed a complaint against Oatey on October 25, 1996, alleging, among other things, misappropriation of trade secrets, breach of contract, and breach of fiduciary duty. Oatey later moved for, and was granted, summary judgment. On July 22, 1997, without any notice to the parties, the trial court sua sponte vacated its prior order granting summary judgment to Oatey. Oatey appealed and we reversed the July 1997 judgment. See RPM, Inc. v. Oatey Co. (Dec. 9, 1998), 9th Dist. No. 2745-M, at 4.
{¶ 3} On December 15, 1998, RPM filed a motion for relief from judgment pursuant to Civ.R. 60. The trial court granted that motion on March 12, 1999. We affirmed that judgment on appeal. See RPM, Inc. v. Oatey Co. (Sept. 20, 2000), 9th Dist. No. 2960-M, at 6.
{¶ 4} This case eventually proceeded to a jury trial. Pursuant to the jury's verdicts, the trial court entered judgment for RPM in the amount of $420,000 plus pre-judgment interest. Oatey appeals and raises six assignments of error, which will be rearranged and consolidated for ease of review.
 ASSIGNMENT OF ERROR I
{¶ 5} "The trial court erred by denying [Oatey's] motions for directed verdict."
 ASSIGNMENT OF ERROR II
{¶ 6} "The trial court erred by denying [Oatey's] motion for judgment notwithstanding the verdict."
 ASSIGNMENT OF ERROR V
{¶ 7} "The trial court erred in entering judgment for RPM in the amount of $420,000."
 ASSIGNMENT OF ERROR VI
{¶ 8} "The trial court abused its discretion by granting RPM prejudgment interest on its breach of contract claim."
{¶ 9} These assigned errors will be addressed together because Oatey failed to transmit an adequate record to enable us to review them. While reviewing the transcript of proceedings to prepare its appellate brief, counsel for RPM observed that the transcript was "replete with errors, including missing text, incomprehensible text, misidentifications of witnesses and counsel, typographical errors that significantly change meaning, and more." Consequently, RPM filed, with the trial court, a motion to correct the record pursuant to App.R. 9(E), which provides, in part:
{¶ 10} "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court *** may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. ***."
{¶ 11} In its ten-page motion, RPM cited numerous examples of transcription errors in the transcript. These errors included testimony that had been improperly transcribed and portions of testimony that was missing altogether. That words were improperly transcribed at spots is apparent because some sentences are nonsensical. That words are missing is also obvious at points from the context of the testimony and because separate answers follow each other with no question in between. Oatey responded in opposition to the motion to correct the record, conceding that there were errors in the transcript, but insisting that the errors were not prejudicial.
{¶ 12} App.R. 9(E) left this matter to the sound discretion of the trial court to determine whether the record required correction: "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth." "[I]t is within the province of the trial court to resolve disputes about the record on appeal." State v. Schiebel (1990), 55 Ohio St.3d 71, 81.
{¶ 13} Here, the trial court resolved the dispute by implicitly accepting RPM's argument that the transcript, as a whole, was an inaccurate record of what had transpired at trial. The trial court ordered that "the transcript of proceedings in this matter be corrected and resubmitted to the Court of Appeals."
{¶ 14} No corrected transcript was ever filed, however, nor did either party file a statement of evidence pursuant to App.R. 9(C) or App.R. 9(D). Consequently, there is no record of what transpired at the trial in this case. A presumption of validity attends the trial court's action. In the absence of an adequate record, which is the appellant's responsibility, see App.R. 9 and Loc.R. 3, we are unable to evaluate the merits of these assignments of error and must affirm the trial court's decision on these issues. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; Meinhard Commercial Corp. v. Spoke Wheel, Inc. (1977), 52 Ohio App.2d 198, 201-202. Because these four assignments of error focus on facts and evidence presented at trial, and we have no transcript of the trial, we must presume that the trial court's actions were proper. The first, second, fifth, and sixth assignments of error are overruled.
 ASSIGNMENT OF ERROR III
{¶ 15} "The trial court erred by denying [Oatey's] motion for summary judgment."
{¶ 16} Pursuant to Civ.R. 56(C), summary judgment is proper if:
{¶ 17} "(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589.
{¶ 18} All evidence must be construed in favor of the nonmovant. In ruling on a motion for summary judgment, the trial court is not permitted to weigh the evidence or choose among reasonable inferences. Dupler v. Mansfield Journal Co. (1980), 64 Ohio St.2d 116, 121. Rather, the court must evaluate the evidence, taking all permissible inferences and resolving questions of credibility in favor of the non-moving party.Id.
{¶ 19} In its one-half-page argument on appeal, Oatey contends that the trial court erred in denying its motion for summary judgment because the "undisputed facts" established that RPM did not control the trade secrets at issue, that no fiduciary duty existed between Oatey and RPM, and that there was no evidence that Oatey misappropriated any trade secrets or used the information to cause harm to RPM.
{¶ 20} As RPM asserted in opposition to summary judgment and again on appeal, the material facts in this case were disputed and RPM had presented evidence to demonstrate the disputed nature of the facts. In fact, Oatey's argument on summary judgment even recognized that RPM had evidence to support most of the allegations in its complaint, but it attempted to discredit that evidence. Specifically, according to Oatey, the testimony of two RPM key witnesses, Dennis Cockayne and Frank Sullivan, was not credible. Oatey attempted to demonstrate the lack of credibility of this evidence by pointing to other evidence that "refuted" it. Oatey's attempts to discredit RPM's witnesses, however, only served to demonstrate that there were genuine issues of material fact. See B.F. Goodrich Co. v. Commercial Union Ins. Co., 9th Dist. No. 20936, 2002-Ohio-5033, 37. Accordingly, the trial court did not err in denying Oatey's motion for summary judgment. The third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
{¶ 21} "The trial court abused its discretion by denying [Oatey's] motions for leave to amend its answer under [Civ.R. 15]."
{¶ 22} Oatey contends that the trial court abused its discretion by denying its requests to amend its answer to raise as defenses that RPM had no standing and was not the real party in interest. Oatey contends that it moved to amend its answer, pursuant to Civ.R. 15(A), prior to trial and that it moved during trial, pursuant to Civ.R. 15(B), to conform the evidence to the pleadings to incorporate those additional defenses.
{¶ 23} As we have explained in our disposition of assignments of error one, two, five, and six, there is no transcript of the trial court proceedings. Thus, Oatey cannot demonstrate that it raised a Civ.R. 15(B) issue at trial or that the trial court erred in its disposition of it. The record does demonstrate, however, that Oatey moved to amend its answer on August 20, 2001 and the trial court denied that motion. Thus, we will confine our review to the trial court's disposition of that motion.
{¶ 24} On August 20, 2001, Oatey moved the trial court, pursuant to Civ.R. 15(A), for leave to amend its answer to add the defenses of standing and real party in interest. Because Oatey had filed its answer and this action had been placed on the trial calendar, Civ.R. 15(A) provided for amendment only "by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires." (Emphasis added.) "[T]he decision whether to grant a motion for leave to amend a pleading under Civ.R. 15(A) is within the discretion of the trial court." Hoover v. Sumlin (1984), 12 Ohio St.3d 1, 6. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
{¶ 25} This case was originally filed on October 25, 1996. Since that time, and prior to requesting leave to amend its answer: (1) Oatey moved for, and was granted, summary judgment; (2) the trial court sua sponte vacated that order; (3) Oatey appealed to this court and we reversed and remanded; (4) RPM moved for, and obtained, relief from judgment; (5) Oatey again appealed to this court, but we affirmed the trial court's decision; (6) Oatey again moved for summary judgment; and (7) RPM filed its brief in opposition to Oatey's motion for summary judgment.
{¶ 26} The defenses of standing and real party in interest are waived if not timely raised. See State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 78; Hang-Fu v. Halle Homes, Inc. (Aug. 10, 2000), 8th Dist. No. 76589. Given that this case had been pending for nearly five years, including two prior final judgments and appeals, before Oatey requested leave to amend its answer, we cannot say that the trial court abused its discretion by determining that this was not one of those situation "when justice so requires" that it grant a party leave to amend its pleading. See Civ.R. 15(A); Turner v. Cent. Local School Dist. (1999), 85 Ohio St.3d 95, 99 (holding that the trial court abused its discretion in granting defendant's motion to amend its answer to add the defense of sovereign immunity after the case had been pending for almost three years including a prior motion for summary judgment and appeal up to the Supreme Court). The fourth assignment of error is overruled.
{¶ 27} The assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
CARR, J. and WHITMORE, J., CONCUR.