{¶ 17} I respectfully disagree with the majority's decision to consider Appellant's response to Appellees' motion for summary judgment in reaching its decision. However, I agree with its decision to affirm the judgment of the trial court.
 {¶ 18} In reviewing the record transmitted to this Court, the substance of Appellant's response to the motion for summary judgment is missing. Included in the record is the cover page of Appellant's response. However, the argument and evidence to which the majority refers are absent, and could only be obtained by referring to the online docket of the Summit County Court of Common Pleas.
 {¶ 19} This court has repeatedly cited App.R. 9 in holding that "Appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court." Jagusch v.Jagusch, 9th Dist. No. 02CA0036-M, 2003-Ohio-243, at ¶ 35. See, also,State v. Williams (1995), 73 Ohio St.3d 153, 160. In the absence of an adequate record, which is the appellant's responsibility pursuant to App.R. 9 and Loc.R. 5(A) of the Ninth Appellate District, a *Page 11 
presumption of validity attends the trial court's action. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; Meinhard CommercialCorp. v. Spoke Wheel, Inc. (1977), 52 Ohio App.2d 198, 201-02. We are then unable to evaluate the merits of the assignments of error and must affirm the trial court's decision. Meinhard, 52 Ohio App.2d at 201-02;State v. Sawyer, 9th Dist. No. 05CA0089-M, 2006-Ohio-4308, at ¶ 9.
 {¶ 20} Although the trial court record transmitted to this court includes Appellees' motion for summary judgment, it does not include the substance of Appellant's response. This court has no way to evaluate whether Appellant met his reciprocal burden under Dresher, supra, without considering his response to Appellees' motions. Loc.R. 5(A) requires the appellant to verify that the record filed with the appellate court is complete: "It is the duty of the appellant to arrange for the timely transmission of the record, including any transcripts of proceedings, * * * and to ensure that the appellate court fileactually contains all parts of the record that are necessary to theappeal." Loc.R. 5(A) (Emphasis added).
 {¶ 21} "Where the record is incomplete, we must presume the regularity of the proceedings[.]" State v. Snyder, 9th Dist. No. 06CA0018-M,2006-Ohio-6911, at ¶ 11. The majority correctly concludes that Appellees satisfied their burden under Dresher. Our analysis should conclude there. Loc.R. 5(A) clearly assigns to an appellant the responsibility to ensure that the record on appeal is complete. *Page 12 
We should presume that the trial court properly considered the evidence before it at the summary judgment phase of the proceedings, but should not consider Appellant's response to the motion for summary judgment. Instead, we should presume that the trial court properly granted Appellees' motion for summary judgment on the basis that Appellant was unable to raise any genuine issues of material fact in his response.
 {¶ 22} However, because the majority concludes that the trial court did not err in granting Appellees' motion for summary judgment, I concur in the majority's judgment. *Page 1