[Cite as *Strongsville v. Petronzio*, 2016-Ohio-101.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102345

---

## CITY OF STRONGSVILLE

PLAINTIFF-APPELLEE

vs.

## ANTHONY PETRONZIO

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Berea Municipal Court
Case No. 13 CRB 01026-1

**BEFORE:** Blackmon, J., Jones, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** January 14, 2016

**FOR APPELLANT**

Anthony Petronzio, pro se
5377 West Ridgewood Drive
Parma, Ohio 44134


**ATTORNEY FOR APPELLEE**

George F. Lonjak
Strongsville City Prosecutor
614 Superior Avenue
Suite 1310
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Anthony Petronzio (Petronzio) appeals pro se various issues that arose during municipal court proceedings in which he pled no contest to one count of aggravated menacing. Petronzio assigns the following four errors for our review:

I. Defendant was deprived of his right to due process under the State and Federal Constitutions when the trial court ordered psychiatric evaluations to determine competency and sanity but failed to hold hearings on these issues as required by R.C. 2945.37.

II. Defendant was denied his right to counsel as guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

III. The trial court erred when it accepted a plea of no contest where the defendant did not enter the plea in a knowing and voluntary manner.

IV. The trial court erred when it issued a protection order that included names of adults who were not alleged victims of the offenses.

{¶2} Having reviewed the record and pertinent law, we affirm Petronzio's conviction. The apposite facts follow.

### Facts and Procedural History

{¶3} On September 30, 2013, the Berea Municipal Court held a hearing and issued a criminal protection order against Petronzio, listing the following family members as protected persons: Cynthia L. Smith (Petronzio's sister); Phyllis D. Faehnrich (Petronzio's mother); George D. Smith (Petronzio's brother-in-law); and David J. DeFlorentis (Petronzio's nephew). The protection order stems from allegations by

Petronzio's sister that, in November 2011, Petronzio harassed and threatened her and her family concerning adoption documents that Petronzio accused his sister of withholding from him.

{¶4} At this proceeding, Petronzio pled not guilty to one count of aggravated menacing and one count of telephone harassment. The court asked Petronzio if he was indigent and if he wanted a court-appointed attorney. Petronzio replied "yes" to both inquiries, and the court appointed counsel to represent him. However, on December 20, 2013, the court held a hearing at which it granted Petronzio's motion to dismiss counsel and assign a new attorney.

{¶5} On May 2, 2014, the court, at Petronzio's new counsel's request, ordered a psychiatric evaluation to determine Petronzio's competency to stand trial and sanity at the time of the incidents in question. On October 23, 2014, the court issued a journal entry stating, in part, that "[u]pon review of Competency Evaluation the Court finds the defendant to be competent to proceed forward." This journal entry also states that "[u]pon review of the Motion to Dismiss Council [sic] and proceed pro so, the Court finds the defendant previously requested a Court appointed attorney, the case shall proceed with the attorney, the Motion shall be further heard at the next hearing." Neither the competency evaluation nor the motion to dismiss counsel are part of the record.

{¶6} On November 21, 2014, the court accepted Petronzio's no contest plea to one count of aggravated menacing in violation of R.C. 2903.21 and sentenced him to three years basic probation. It is from this order that Petronzio appeals.

## No Contest Plea

{¶7} For ease of discussion, we address Petronzio's assigned errors out of order. In his third assigned error, Petronzio argues that the trial court erred when it accepted his no contest plea. Pursuant to Crim.R.11(B)(2), a no contest plea is not an admission of guilt, but is an admission of the truth of the facts in the indictment. A defendant's "right to appeal is decidedly limited under a no contest plea. Generally speaking, a no contest plea waives all nonjurisdictional defects to a * * * conviction * * *, however, [it] does not preclude * * * a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion."

{¶8} Pursuant to Crim.R. 11(E), when a municipal court accepts a no contest plea in misdemeanor cases involving petty offenses, the court must inform the defendant of the effect of his or her plea. Aggravated menacing, which is the charge Petronzio pled to, is a petty offense. *See Barberton Police Dept. v. Easley*, 9th Dist. Summit No. 24624, 2009-Ohio-6796.

{¶9} Petronzio argues that "the only direct dialogue between the court and Defendant consisted of the court informing Defendant of the consequences of a plea of No Contest." At the plea hearing, the court stated to Petronzio as follows: "So be advised when you plead no contest, you're not admitting guilt to the charge itself, but you're admitting that the facts that the charges are based on are true. So you can assume that I'd find you guilty. The results of the plea cannot be used against you later in a civil or criminal proceeding." The court then asked Petronzio, "Do you understand

that?" Petronzio responded, "Yes, sir," and the court stated, "I'll accept the No Contest plea and find guilty [sic]."

**{¶10}** Petronzio is correct in arguing that the court "only" informed him of the consequences of his plea; however, under Crim.R. 11(E), that is all the court is required to do for a misdemeanor case involving a petty offense. *See State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 28, ("where a defendant charged with a petty misdemeanor * * * pleads guilty or no contest, the trial court complies with [Crim.R. 11(E)] by informing the defendant" of the effect of his plea). Petronzio's third assigned error is overruled.

### R.C. 2945.37 Hearing

**{¶11}** In his first assigned error, Petronzio argues that the trial court erred when it failed to hold a competency hearing. Criminal defendants are rebuttably presumed competent to stand trial. R.C. 2945.37(G). Incompetency is defined as when "the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense * * *." *Id.* If a defendant's competency to stand trial "is raised before the trial has commenced, the court shall hold a hearing on the issue * * *." R.C. 2945.37(B).

**{¶12}** Despite the statutory language indicating a mandatory hearing, Ohio courts have held that "the failure to hold the mandatory competency hearing is harmless error when the record fails to reveal sufficient indicia of incompetence." *State v. Smith*, 8th Dist. Cuyahoga Nos. 96582, 96622, 96623, 2012-Ohio-261, ¶ 24. *See also State v. Bock*,

28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986). ("Incompetency must not be equated with mere mental illness or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel").

{¶13} If applicable, the defendant "carries the burden of establishing incompetence." *State v. Hudson*, 8th Dist. Cuyahoga No. 96435, 2011-Ohio-6272, ¶ 27. In determining if incompetence was established, courts should consider the following: "(1) doubts expressed by counsel as to the defendant's competence; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion relating to competence to stand trial." *State v. Rubenstein*, 40 Ohio App.3d 57, 60-61, 531 N.E.2d 732 (8th Dist.1987).

{¶14} In the case at hand, a competency evaluation was ordered at a hearing on May 2, 2014. There was no motion filed and no explanation at the hearing as to the reasons requesting the evaluation. Upon review of the hearing transcripts, there is no evidence of Petronzio behaving irrationally. Although the court noted that Petronzio appeared to be angry at some of his family members during the hearings, Petronzio's demeanor with the court was polite and appropriate. Furthermore, no medical opinions were submitted into evidence, and there is no indication on the record that a psychiatric or competency evaluation was filed with the court.

{¶15} It is undisputed that the court did not hold a competency hearing. Rather, the court issued a journal entry on October 23, 2014, summarily finding, "[u]pon review

of Competency Evaluation," that Petronzio was "competent to proceed forward." Additionally, during his plea and sentencing hearing on November 21, 2014, an unknown "female voice" stated on the record that Petronzio "did come through the competency evaluation without any issues, but there are some underlying mental health issues." Upon review of the record, we find no other mention of Petronzio's competency to stand trial.

{¶16} Accordingly, we find that the record fails to contain sufficient indicia of incompetence to warrant a hearing, and Petronzio's first assigned error is overruled.

### Right to Self-Representation

{¶17} In his second assigned error, Petronzio argues that he was denied his right to self-representation. "[A] defendant in a state criminal trial has an independent constitutional right of self-representation and * * * he may proceed to defend himself without counsel when he knowingly, voluntarily and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366, 377-378, 345 N.E.2d 399 (1976). However, a defendant waives the right of self-representation "if it is not timely and unequivocally asserted." (Citation omitted.) *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 38.

{¶18} It is an appellant's obligation to provide the reviewing court with a sufficient record of the lower court proceedings. App.R. 9(B). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384

(1980). "In the absence of an adequate record, this court must presume the regularity of the trial court's actions and affirm its judgment." *Shaw v. Shaw*, 72 Ohio App.3d 546, 548, 595 N.E.2d 500 (8th Dist.1991).

**{¶19}** In the instant case, the record is inadequate to determine whether Petronzio's request for self-representation was timely or unequivocally asserted. The trial court's October 23, 2014 journal entry references a "Motion to Dismiss Council [sic] and proceed pro se"; however, this motion is not part of the record. It is unclear when, or even if, the motion was filed with the court, and the record is silent as to whether Petronzio clearly invoked his right to represent himself. *See, e.g., Cassano* at ¶ 41 (the defendant's request to represent himself was properly denied as "an attempt to delay the trial" when it was made three days before trial but after the defendant was represented by counsel for over ten months).

**{¶20}** Absent evidence of Petronzio's asserting his right to self-representation, we cannot meaningfully review this assigned error and must presume regularity of the proceedings below. Petronzio's second assigned error is overruled.

### Criminal Protection Order

**{¶21}** In his fourth assigned error, Petronzio argues that the trial court erred when it issued the protection order. Petronzio argues on appeal that the criminal protection order issued in this case was too broad and unsupported by the evidence. However, the order at issue in this case expired on November 21, 2014, when Petronzio entered a no contest plea. On this same date, and as part of that plea, Petronzio agreed on the record

to have no contact with specific family members including "all brothers and sisters and their family and their spouses."

**{¶22}** Arguments concerning the sufficiency or weight of the evidence are waived when a defendant pleads no contest. *See, e.g., State v. Deresse*, 5th Dist. Licking No. 09-CA-11, 2009-Ohio-6725. By pleading no contest, a defendant waives "the right to a trial by jury; to confront witnesses against him; to have compulsory process for obtaining witnesses in his favor, to require the state to prove his guilt beyond a reasonable doubt; and the right not to be compelled to testify against himself." *State v. Pernell*, 27 Ohio App.2d 261, 265, 353 N.E.2d 891 (8th Dist.1976).

**{¶23}** Petronzio is not bound by the terms of the protection order that expired on November 21, 2014, and he waived his right to challenge the terms of his no contest plea. Accordingly, Petronzio's fourth and final assigned error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., A.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN
JUDGMENT ONLY