[Cite as *State v. Melton*, 2016-Ohio-1219.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102396**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT MELTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588073-A

**BEFORE:** McCormack, P.J., Boyle, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 24, 2016

**FOR APPELLANT**

Robert Melton, pro se
1400 W. 25th St.
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Fallon Radigan
Anthony Thomas Miranda
Assistant County Prosecutors
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

**{¶1}** Robert Melton appeals from his conviction of disrupting public service and assault. On appeal, he claims the trial court violated his right to self-representation. For the following reasons, we affirm his conviction.

**{¶2}** Melton has a history of engaging in altercations on RTA buses. He was convicted several times due to these incidents. In this case, he again was involved in an altercation on an RTA bus, which led to his indictment for disrupting public service, a fourth-degree felony, and assault, a first-degree misdemeanor. In the jury trial that ensued, seven witnesses testifying for the state provided the following account of the incident.

**{¶3}** On August 3, 2014, Melton was riding an RTA bus while intoxicated. He was sitting in the handicapped seating area. When a handicapped passenger in a wheelchair got on the bus, the bus driver asked Melton to get up to accommodate the handicapped passenger. Melton refused and got into an argument with both the passenger and the driver. He was verbally abusive toward the driver. Because of the commotion, the bus driver applied the brakes when the bus stopped at a traffic light in front of the casino in downtown Cleveland. The driver then pushed a button for help, got off the bus to avoid further confrontation, and called the RTA police.

**{¶4}** While the bus driver was talking on the phone with the RTA police, Melton got off the bus and kicked the driver's buttocks with such a force that she almost fell. Melton tried to walk away after kicking the driver, but was confronted by another

passenger who witnessed the incident. The passenger quickly jumped in between the driver and Melton. Melton swung at the passenger and the two began to fight. The passenger suffered a broken finger during the fight. Both the passenger and the driver were taken to the hospital by an ambulance. Having lost their driver, the stranded passengers waited for 20 to 30 minutes for another bus to come to pick them up. Another driver had to be brought out later so that the original bus could resume its route.

{¶5} After the state presented its case, Melton testified for himself, giving a drastically different account of the event. He testified that, when the bus got to the intersection of Ontario and Prospect, the bus driver looked back at him and said, "I'm gonna call the transit police on you." After he got off the bus, the driver pushed him and called him a "motherfucker." Next thing he knew, someone grabbed him and he was handcuffed. Then he was hit on the side of his face by another passenger. He denied kicking the driver. He acknowledged however that he had 12 indictments relating to RTA, dating back to 1998, and he was convicted on some of the indictments.

{¶6} The jury found Melton guilty of disrupting public service and assault. The trial court sentenced him to 17 months for disrupting public service and six months for assault, to run concurrently.

{¶7} On appeal, Melton raises a single assignment of error that states:

The trial court violated Appellant's Due Process and Equal Protection right when it imposed court *and* appellate appointed counsel on Appellant when Appellant succinctly stated he would like to represent himself and thus violating the 6th and 14th Amendments to the U.S. Constitution.

(Emphasis sic.)

{¶8} The record before us reflects that, after the jury was impaneled, Melton informed the court that he had filed a "deposition motion," which required a ruling. The court reminded Melton that he was represented by counsel and hybrid representation would not be permitted. Melton then stated that he had requested self-representation at his arraignment on August 15, 2014. The court stated that it was not aware of any such request and determined that Melton would not be permitted to represent himself at such a late stage in the proceeding. On appeal, Melton claims his conviction should be vacated because the trial court erred in not allowing him to represent himself.

{¶9} We recognize that the Sixth Amendment right to counsel incorporates the right to represent oneself. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus. Furthermore, when a defendant properly invokes the right of self-representation, a trial court's denial of that right is per se reversible. *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996), citing *McKaskle v. Wiggins*, 465 U.S. 168, 177, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984).

{¶10} Here, however, the record before us does not reflect Melton unequivocally and timely invoked his right to self-representation. The constitutional right of self-representation is waived if it is not unequivocally and timely asserted. *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 38, citing *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir.1990).

{¶11} Melton mentioned a desire to represent himself after the jury was impaneled, in the context of requesting a ruling on a motion he filed pro se. Thus, the record did not reflect a clear and explicit request from Melton for self-representation, but rather, as the trial court appropriately recognized, a desire for hybrid representation. A defendant has no right to a hybrid form of representation wherein he is represented by counsel but also acts simultaneously as his own counsel. *State v. Keenan*, 81 Ohio St.3d 133, 138, 689 N.E.2d 929 (1998). The trial court here properly disallowed it.

{¶12} Furthermore, Melton's purported request for self-representation was untimely. He referenced a desire to represent himself after the jury had already been impaneled. In *Cassano*, the Supreme Court of Ohio held that the defendant's request for self-representation three days before the trial was untimely. *Id.* at ¶ 40, citing *United States v. Mackovich*, 209 F.3d 1227, 1237 (10th Cir.2000) (requests made within ten days before trial untimely), and *United States v. George*, 56 F.3d 1078, 1084 (9th Cir.1995) (request made on eve of trial untimely).

{¶13} In *State v. Vrabel*, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, the Supreme Court of Ohio affirmed *Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, holding that the trial court did not abuse its discretion in denying the defendant's request to represent himself after voir dire had been completed. *Vrabel* at ¶ 53.

{¶14} Finally, as the transcript reflects, Melton appeared to have abandoned any intention to represent himself once the trial court told him that hybrid representation

would not be permitted and that his request for self-representation was untimely. Melton did not pursue the issue of self-representation any further and allowed his counsel to represent him instead. A defendant can waive his right to self-representation by allowing counsel to participate in trial. *Cassano* at ¶ 42, citing *McKaskle*, 465 U.S. at 182, 104 S.Ct. 944, 79 L.Ed.2d 122. A failure to reassert a desire to proceed pro se constitutes a waiver. *Id.*, citing *Wilson v. Walker*, 204 F.3d 33, 38 (2d Cir.2000). Thus, Melton waived his right to self-representation.

{¶15} On appeal, Melton alleges he had requested self-representation during his arraignment. However, neither a transcript of the arraignment nor an alternative record under App.R. 9(C) or (D) is included as part of the record in this appeal. It is the appellant's duty to file the transcript or such parts of the transcript that are necessary for evaluating the lower court's decision and, absent the requisite materials, we must presume regularity of the proceedings below. *State v. Peterson*, 8th Dist. Cuyahoga No. 96958, 2012-Ohio-87, ¶ 7-8.

{¶16} Despite his claim that he requested self-representation from the outset, the record before us reflects that, since his arraignment, Melton filed several motions himself but never once requested his counsel be discharged so that he could represent himself. Thus, the record shows that Melton failed to unequivocally and timely invoke his right to self-representation. The trial court did not deny his right to self-representation. *See Strongsville v. Petronzio*, 8th Dist. Cuyahoga No. 102345, 2016-Ohio-101, ¶ 18-20 (appellant's claim that the trial court denied his right to self-representation was overruled

when appellant did not provide this court with a sufficient record to show he timely and unequivocally requested self-representation).    The assignment of error is without merit.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR