[Cite as *Cleveland v. Clifford*, 2020-Ohio-3803.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 108822 |
| v. | : | |
| JASON T. CLIFFORD, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** July 23, 2020

Criminal Appeal from the Cleveland Municipal Court
Case No. 2019 CRB 003322

***Appearances:***

Barbara A. Langhenry, Cleveland Director of Law,
Karrie D. Howard, Chief Prosecutor, and Joan Bascone,
Assistant Prosecuting Attorney, *for appellee.*

Mark Stanton, Cuyahoga County Public Defender, and
Cullen Sweeney, Assistant Public Defender, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Jason T. Clifford ("Clifford") appeals from his conviction for aggravated trespass following a plea agreement. Because we find the trial court complied with its obligations under Crim.R. 11, we affirm the conviction.

We remand the matter to the trial court, however, with instructions to enter a nunc pro tunc journal entry reflecting that the domestic violence charge was dismissed.

## I. Procedural History and Substantive Facts

{¶ 2} On March 7, 2019, Clifford was charged in Cleveland Municipal Court with two misdemeanors of the first degree — domestic violence and aggravated trespass — and one misdemeanor of the third degree — unlawful restraint, arising from an incident that purportedly involved a family or household member.

{¶ 3} On April 15, 2019, Clifford withdrew his not guilty plea and pleaded guilty to one count of aggravated trespass with a notation that the victim is a family or household member. The state agreed to dismiss the remaining charges as part of the agreement, and the court in fact nolled the charges.

{¶ 4} At the plea hearing, the trial court engaged Clifford in the following plea colloquy:

> Court: Sir, is it your desire to plead guilty to one count of aggravated trespass?
> Defendant: Yes, your Honor.
> Court: You understand that by changing your plea, you're giving up the right to go to trial; do you understand that?
> Defendant: Yes, your Honor.
> Court: You're giving up your right to confront witness and have witnesses come in and testify [o]n your behalf; do you understand that?
> Defendant: Yes, your Honor.
> Court: You're giving up the right to have the prosecutor prove your guilt beyond a reasonable doubt.
> Defendant: Yes, your Honor.
> Court: And, you're giving up your right to remain silent for the limited purpose of pleading guilty; do you understand that?
> Defendant: Yes, your Honor.

Court: You also understand that by pleading guilty I could make a finding of guilt, and I could sentence you to a fine of up to $1,000 and up to 180 days in jail; do you understand that, sir?

Defendant: Yes, your Honor.

Court: You also understand that the journal entry and the record will reflect that the victim in this case is a family or household member, which means if in fact you're arrested for an offense of violence against a family or household member in the future, you could be charged with a felony; do you understand that?

Defendant: Yes, your Honor.

{¶ 5} Thereafter, Clifford entered his guilty plea, the court accepted the plea and found Clifford guilty of aggravated trespass, and the court dismissed the remaining charges. The court then scheduled the matter for sentencing.

{¶ 6} At sentencing, the court heard from defense counsel and the prosecutor. After some discussion regarding Clifford's GPS monitor, defense counsel reported that this case is Clifford's first "truly criminal involvement," where his previous offenses pertained to driving citations. Counsel explained that Clifford has been cooperative and took responsibility for his actions in pleading. The court then sentenced Clifford to 180 days' incarceration, $1,000 fine, court costs, and two years' active probation. The court waived the fine and suspended 149 days of incarceration and credited Clifford with 31 days served.

{¶ 7} Clifford now appeals his conviction, assigning three errors for our review: (1) appellant's guilty plea was not knowingly, intelligently, or voluntarily entered when the trial court failed to comply with Crim.R. 11's requirement of explaining the effect of [the appellant's] plea; (2) appellant's guilty plea was not knowingly, intelligently, or voluntarily entered when the trial court failed to properly

advise [the appellant] of the constitutional rights he was relinquishing by pleading guilty; (3) the trial court's docket incorrectly states that [the appellant] was found guilty of domestic violence when in fact the charge was dismissed. We will address the first two assignments of error together.

## II. Guilty Plea

{¶ 8} In his first two assignments of error, Clifford contends that his guilty plea must be vacated because the trial court failed to advise him of the effect of his guilty plea and of the constitutional rights he was waiving by pleading guilty.

{¶ 9} Crim.R. 11 delineates the constitutional and procedural requirements with which a trial court must comply prior to accepting a guilty or no contest plea in order to ensure that a defendant enters a plea knowingly, intelligently, and voluntarily. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). And a trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading. *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635; *Cleveland v. Jaber*, 8th Dist. Cuyahoga Nos. 103194 and 103195, 2016-Ohio-1542, ¶ 22; *Parma v. Buckwald*, 8th Dist. Cuyahoga Nos. 92354 and 92356, 2009-Ohio-4032.

{¶ 10} The charge in this case is aggravated trespass, which is a first-degree misdemeanor, punishable by a maximum sentence of six months. R.C. 2929.24(A)(1). Because the maximum confinement is six months, aggravated trespass is a petty offense. *See Solon v. Bollin-Booth*, 8th Dist. Cuyahoga No. 97099, 2012-Ohio-815, ¶ 14, citing Crim.R. 2(C) and 2(D) (defining a petty offense).

{¶ 11} Crim.R. 11(E) governs pleas entered in petty offense cases. "In misdemeanor cases involving petty offenses[,] the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E). Thus, a trial court must "advise the defendant, either orally or in writing, of the effect of the specific plea being entered." *Cleveland v. Tittl*, 8th Dist. Cuyahoga No. 105193, 2017-Ohio-9156, ¶ 7, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph one of the syllabus and ¶ 23. Under Crim.R. 11(B)(1), the effect of a guilty plea is that "the plea of guilty is a complete admission of the defendant's guilt."

{¶ 12} The Ohio Supreme Court explained the different types of offenses and the corresponding procedural requirements:

> For a petty offense, defined in Crim.R. 2(D) as "a misdemeanor other than [a] serious offense," the court is instructed that it "may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E). If the misdemeanor charge is a serious offense, meaning that the prescribed penalty includes confinement for more than six months, Crim.R. 2(C), the court shall not accept a guilty or no contest plea "without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily." Crim.R. 11(D).

> The procedure set forth in Crim.R. 11(C)(2) for felony cases is more elaborate than that for misdemeanors. Before accepting a guilty plea in a felony case, a "trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus. In addition

> to these constitutional rights, the trial court is required to determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea. Crim.R. 11(C)(2)(a) and (b).

*Jones* at ¶ 11-12; *State v. Mitchell*, 8th Dist. Cuyahoga No. 103364, 2016-Ohio-4956, ¶ 6.

{¶ 13} Therefore, for Clifford's guilty plea to the petty offense charge of aggravated trespass, the trial court's obligation under Crim.R. 11 was only to inform Clifford of the "effect" of his plea. *Jaber* at ¶ 24, citing *Jones* at paragraph one of the syllabus; *Strongsville v. Petronzio*, 8th Dist. Cuyahoga No. 102345, 2016-Ohio-101, ¶ 10, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 28 ("where a defendant charged with a petty misdemeanor * * * pleads guilty or no contest, the trial court complies with [Crim.R. 11(E)] by informing the defendant" of the effect of his plea); *Mitchell* at ¶ 8.

{¶ 14} The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore subject to review for substantial compliance. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Consequently, the failure to comply with a nonconstitutional right, such as the information contained in Crim.R. 11(B)(1), will not invalidate a plea unless the defendant suffered prejudice. *Jones* at ¶ 52, citing *Griggs* at ¶ 12. The test for prejudice is "whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 15} Under the substantial-compliance standard, we review the totality of circumstances surrounding the defendant's plea to determine whether he subjectively understood that a guilty plea is a complete admission of guilt. *Id.* "'[A] slight deviation from the text of the rule is permissible,' provided that, 'under the totality of the circumstances,' 'the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Musleh*, 8th Dist. Cuyahoga No. 105305, 2017-Ohio-8166, ¶ 14, quoting *State v. Clark* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. And where a defendant has entered a guilty plea without asserting actual innocence, he is presumed to understand that he has completely admitted his guilt and the trial court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial. *Griggs* at ¶ 19.

{¶ 16} Where there is a complete failure to comply with the relevant mandates of Crim.R. 11, however, a defendant need not demonstrate prejudice. *Cleveland v. Bowman*, 8th Dist. Cuyahoga No. 103287, 2016-Ohio-1545, ¶ 6, citing *Clark* at ¶ 31 (applying the Ohio Supreme Court's admonition in *Clark* that a complete failure to comply with Crim.R. 11 in a felony case does not implicate a prejudice analysis to a petty misdemeanor offense); *Buckwald*, 8th Dist. Cuyahoga Nos. 92354 and 92356, 2009-Ohio-4032, ¶ 46 (finding a prejudice analysis not necessary where the trial court completely failed to comply with Crim.R. 11(B)(2) regarding the effect of the defendant's no contest plea concerning a petty misdemeanor offense).

{¶ 17} Here, we find that the trial court at least partially complied with its obligations under Crim.R. 11. Although the trial court did not recite the exact language of Crim.R. 11(B)(1) — that his guilty plea "is a complete admission" of guilt, it informed Clifford of the nature of the charge, the rights he was giving up by pleading guilty, including "the right to go to trial," the "right to confront witness[es] and have witnesses come in and testify in your behalf," the "right to have the prosecutor prove your guilt beyond a reasonable doubt," and "your right to remain silent for the limited purpose of pleading guilty."

{¶ 18} Additionally, the court informed Clifford that "by pleading guilty I could make a finding of guilt." And after each advisement, Clifford indicated that he understood, and the record reflects that he asked no questions nor demonstrated any confusion. Although the trial court arguably conflated a guilty plea with a no contest plea, which requires the trial court inform the defendant that the plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, the totality of the record indicates that Clifford understood that a guilty plea is a complete admission of guilt. More importantly, Clifford never asserted actual innocence at the plea hearing, and therefore, the law presumes he understands that he has completely admitted his guilt.

{¶ 19} Finally, Clifford has failed to demonstrate prejudice. As previously stated, he did not assert actual innocence anytime during the plea or the sentencing. On the contrary, at sentencing, defense counsel informed the court that Clifford took responsibility for his actions by pleading guilty. He is therefore presumed to

understand that he has completely admitted his guilt, and a trial court's failure to inform him of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial. *Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 19. Additionally, during the sentencing, Clifford corrected the court by reporting that the victim of his crime was not the mother of his child.

{¶ 20} In light of the foregoing, Clifford has failed to show that had he been explicitly advised that his guilty plea constituted "a complete admission" of his guilt, he would not have pled guilty.

{¶ 21} Clifford's first and second assignments of error are overruled.

### III. The Journal Entry

{¶ 22} In his third assignment of error, Clifford contends that the trial court's journal entry incorrectly states that he was found guilty of domestic violence. The state concedes the error.

{¶ 23} The trial court's docket entry dated April 29, 2019, includes the following two entries:

> Having been found guilty, the defendant is sentenced to 180 days of incarceration at the Cleveland House of Corrections. 149 days of incarceration are hereby suspended. Charge #1: Domestic Violence. Having been found guilty, is hereby sentenced to pay a fine in the amount of $1,000 and all court costs associated with this case. $1,000 of the fine is hereby suspended. Charge #2: Aggravated Trespass.

{¶ 24} The record shows, however, that in exchange for Clifford's guilty plea to aggravated trespass in Count 2, the state agreed to request dismissal of the remaining charges that included domestic violence (Count 1) and unlawful restraint

(Count 3).  And on April 15, 2019, during the plea hearing, the court in fact dismissed

the two charges:

> Court:   Understanding all of your rights, how do you plead to the
> aggravated trespass charge?
> Clifford: Guilty.
> Court: Court will accept the guilty plea, make a finding of guilt, will
> dismiss Counts 1 and 3, will pass this for sentencing until April 29th
> at 10:00.

{¶ 25} And then on April 29, 2019, the trial court sentenced Clifford on the

aggravated trespass charge to 180 days' incarceration, $1,000 fine, court costs, and

two years' active probation.  The court waived the fine and suspended 149 days of

incarceration and credited Clifford with 31 days served.

{¶ 26} Courts possess the authority to correct errors in judgment entries so

that the record speaks the truth.  *State v. Trone*, 8th Dist. Cuyahoga Nos. 108952

and 108966, 2020-Ohio-384, ¶ 23, citing *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d

158, 163-164, 656 N.E.2d 1288 (1995); Crim.R. 36.  Errors that may be corrected by

the court include clerical errors, mistakes, or omissions that are mechanical in

nature and apparent on the record and do not involve legal decisions or judgment.

*State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15;

Crim.R. 36.  Nunc pro tunc entries are used to make the record reflect what the court

actually decided and not what the court might or should have decided or what the

court intended to decide.  *Miller* at ¶ 15; *Fogle* at 164.

{¶ 27} Here, the journal entry that indicates Clifford was convicted of and

sentenced on the domestic violence charge was clearly a clerical error that does not

accurately reflect what the court decided in open court.  Therefore, the trial court shall issue a nunc pro tunc judgment entry reflecting that the domestic violence charge was dismissed.

**{¶ 28}** Clifford's third assignment of error is sustained.

**{¶ 29}** Judgment affirmed; case remanded for proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal  court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
LARRY A. JONES, SR., J., CONCUR