[Cite as *State v. Suman*, 2010-Ohio-6204.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO/CITY OF ATHENS,   :

       :

    Plaintiff-Appellee,    :   Case No: 10CA11

       :

    v.    :

       :   <u>DECISION AND</u>

STEVEN SUMAN,    :   <u>JUDGMENT ENTRY</u>

       :

    Defendant-Appellant.    :   File-stamped date:  12-13-10

_____

<u>APPEARANCES</u>:

Claire M. Ball, Athens, Ohio, for the Appellant.

Patrick J. Lang, Athens Law Director, and James K. Stanley, Athens Assistant Law Director, Athens, Ohio, for the Appellee.

_____

Kline, J.:

**{¶1}** Steven Suman appeals his conviction in the Athens County Municipal Court for violating R.C. 2919.27(A)(1), which prohibits anyone from recklessly violating a protection order.  On appeal, Suman contends that the trial court violated Evid.R. 402 and Evid.R. 403(A) when it allowed a State witness to read from a criminal complaint against the witness that accused the witness of violating the protection order at Suman's behest.  Because we find that the criminal complaint is relevant and is not unfairly prejudicial, and because the witness pleaded guilty to it, we disagree.  Suman next contends that the prosecution introduced a prior inconsistent statement of one of its own witnesses without the requisite showing of surprise and damage.  Because

Suman's counsel failed to object before the trial court, and because we do not find plain error, we disagree. Accordingly, we affirm the judgment of the trial court.

I.

**{¶2}** Suman worked for Robert DePue who owns a small farm near Athens, Ohio. Apparently, the relationship between Suman and DePue soured, and DePue eventually moved for, and received, a protection order against Suman because Suman had threatened to kill him.

**{¶3}** After he was served with the protection order, Suman visited the house of his friends Brian Koon and Lori Frank. Koon and Frank were living together in a romantic relationship. Suman convinced Koon to telephone and threaten DePue. Koon called DePue, made a number of vague threats, and threatened to "wreck" DePue's jaw. Unbeknownst to Koon, DePue's answering machine recorded the entire conversation. DePue then called the Athens County Sheriff's Office.

**{¶4}** Deputy Shannon Sheridan went to DePue's house and established, with the help of the telephone company, that the phone call had been placed from the residence of Koon and Frank. Deputy Sheridan and others went to Koon and Frank's residence and eventually secured a statement from Frank indicating that "[Suman] and [Koon] used [her] phone to make a call." Transcript at 96. Koon initially refused to admit to any culpability and claimed that Suman made the phone call.

**{¶5}** Before Suman's trial, Koon pleaded guilty to a criminal complaint that accused him of aggravated menacing. A portion of this complaint accused Koon of making the phone call at the behest of Suman.

**{¶6}** Deputy Sheridan then filed a complaint accusing Suman of violating the terms of a protection order. The case was tried on January 28, 2010. During the trial, the prosecution called Frank to testify. Frank testified that Suman had told Koon *not* to call DePue and that Suman had not been present during the phone call. Koon also denied that Suman had asked him to make the telephone call. The prosecution used a prior inconsistent statement of Frank and had Koon read the factual statement of the complaint for aggravated menacing that he pleaded guilty to.

**{¶7}** The jury convicted Suman, and the trial court sentenced him to 180 days of incarceration, but suspended 178 days upon condition that Suman be a law abiding citizen for two years.

**{¶8}** Suman appeals and asserts the following assignments of error: I. "The trial court erred by admitting irrelevant evidence that was prejudicial to the appellant." And, II. "The trial court erred by allowing the prosecutor to impeach his own witness with a prior inconsistent statement."

II.

**{¶9}** Both of Suman's assignments of error concern the admission of evidence at trial. "'[T]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court.'" *State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, at ¶79, quoting *State v. Sage* (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. "[T]he term 'abuse of discretion' connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably." *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 271, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

A.

{¶10}     Suman contends in his first assignment of error that the trial court erred when it permitted the prosecutor to ask Koon to read portions of the criminal complaint that he pleaded guilty to.  What follows is the only objection Suman's counsel made to the admission of this evidence:

{¶11}     "Q:             Okay.  Um, can you read the *to wit* section?

{¶12}     "Defense:     Your Honor, may we approach the bench?

{¶13}     "Court:         You may.

{¶14}     "Defense:     Koon was charged with aggravated menacing.  That to wit is not part of the [inaudible] . . .

{¶15}     "Court:         Uh huh.

{¶16}     "Defense:     . . . part of the charge [inaudible], an element of the crime.  And, usually [inaudible] had many cases where, and facts is not part of [inaudible].

{¶17}     "Court:         Uh huh.

{¶18}     "Defense:     And, uh, and, so, try to make it, it [inaudible] put him up to because what was in the complaint.  And . . .

{¶19}     "Court:         Uh huh.

{¶20}     "Defense:     . . . feel this [inaudible] is prejudicial to my client.

{¶21}     "Court:         Well, I think, assuming that, uh, [the prosecutor] is going where I think he's going with this, uh, if it turns out that he pled guilty to this complain[t], this particular case number, then the complaint will be admissible.

{¶22}     "Defense:     Well, I doubt he pleaded guilty to it.

{¶23}     "Court:         Okay.  Objection overruled."  Trial Transcript at 114-15.

{¶24}    Suman claims that the trial court violated Evid.R. 402 and Evid.R. 403(A) when it admitted this evidence.  (Because Suman does not claim that the admission of this evidence violated the hearsay rule, we will not consider the same.)

### 1.  Relevancy

{¶25}    Suman maintains that the "to wit" section of the complaint was irrelevant evidence and the trial court erred when it failed to exclude it over his objection.  Evid.R. 402 prohibits the admission of irrelevant evidence while Evid.R. 401 defines relevant evidence.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Evid.R. 401.

{¶26}    Initially, we note that there can scarcely be any question as to whether the facts alleged in the criminal complaint are relevant.  The fact that a criminal complaint was filed against Koon alleging that he made the offending telephone call at the behest of Suman is, by itself, weak support for this fact, but nonetheless does tend to increase the likelihood of Suman having asked Koon to make the call.  This is particularly true because Koon pleaded guilty to that complaint.

### 2.  Prejudice

{¶27}    Suman also argues that the admission of this evidence is contrary to Evid.R. 403(A).  "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."  Id.  We cannot agree.  Even if we grant that Suman suffered unfair prejudice based on the admission of this statement, nonetheless we cannot say

that the unfair prejudice substantially outweighed the probative effect of the evidence because Koon pleaded guilty to the complaint.

{¶28}     In conclusion, we find that the trial court did not abuse its discretion in the admission of this evidence based on Evid.R. 402 and Evid.R. 403.

{¶29}     Accordingly, we overrule Suman's first assignment of error.

B.

{¶30}     In his second assignment of error, Suman contends that the trial court erred because the trial court allowed the prosecution to cross examine its own witnesses with a prior inconsistent statement without establishing the proper foundation.  "The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage." Evid.R. 607(A).  "'The decision as to whether a party is taken by surprise by the testimony of its hostile witness is a decision that is entrusted to the broad, sound discretion of the trial judge.'"  *State v. Lemaster* (Jan. 27, 1998), Pickaway App. No. 96 CA 18, quoting *State v. Diehl* (1981), 67 Ohio St.2d 389, 391.

{¶31}     But Suman did not object to this line of questioning before the trial court. Suman must therefore establish that the admission of this evidence amounts to plain error.  See *Ahmed* at ¶80, citing *State v. Slagle* (1992), 65 Ohio St.3d 597, 604. "Inherent in the [plain-error] rule are three limits placed on reviewing courts for correcting plain error."  *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶15. "'First, there must be an error, *i.e.,* a deviation from the legal rule. * * * Second, the error must be plain.  To be 'plain' within the meaning of Crim.R. 52(B), an error must be an

'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.'" Id. at ¶16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68 (omissions in original). We will notice plain error "only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, paragraph three of syllabus. And "[r]eversal is warranted only if the outcome of the trial clearly would have been different absent the error." *State v. Hill*, 92 Ohio St.3d 191, 203, 2001-Ohio-141, citing *Long* at paragraph two of the syllabus.

**{¶32}** Here, we fail to see how the prosecutions' use of the witness's prior inconsistent statement would result in a manifest miscarriage of justice.

**{¶33}** In any event, there is little question but that Frank's recantation damaged the State's case. See *Ferguson Realtors v. Butts* (1987), 37 Ohio App.3d 30, paragraph two of the syllabus ("'Affirmative damage,' under Evid.R. 607, is established when the witness testifies to facts which contradict, deny or harm the party's trial position."). Here, Frank testified that, contrary to her earlier statement, Suman did not ask Koon to call DePue and that Suman was not present when Koon made the phone call. There is little question but that this statement affirmatively damaged the prosecution's case.

**{¶34}** The only question is the required showing of surprise. What follows is a portion of Frank's testimony that establishes plausible evidence of surprise:

**{¶35}** "A: I think that [Suman] knew that [Koon] was going to use the phone and told him not to.

**{¶36}** * * *

**{¶37}** "Q: And when was the last time that you and I spoke?

**{¶38}**          "A:               I believe it was yesterday.

**{¶39}**          "Q:               Okay.  And at any time, did you tell me that, um, [Suman] told Koon not to call?

**{¶40}**          "A:               No."  Transcript at 96-97.

**{¶41}**          In sum, Frank testified that she had changed her story from the previous day, and that she had never previously indicated to the State that Suman told Koon not to call DePue, notwithstanding several interviews.  The prosecutor did state in closing that he "knew that Frank would come in here today and change her story."  Transcript at 162.  But the prosecutor said nothing about how he knew that Frank would change her story.  Nor did the prosecutor explain precisely what facts he expected Frank to change in her story.  In her statement to Deputy Sheridan, Frank also stated that Suman was present during the phone call, another statement she contradicted at trial.  It is unclear what portions of Frank's story the State expected her to change.

**{¶42}**          It is possible, that the State may have been able to prove surprise notwithstanding the prosecutor's statement in closing.  In any event, we cannot agree that the trial court plainly erred because the court failed to reexamine the admission of a prior inconsistent statement because of the prosecutor's statement during closing arguments.  Even had Suman's counsel objected to the admission of this evidence, there is a plausible argument that the prosecution could have established surprise, and, as such, we find that the admission of this evidence could not amount to plain error.

**{¶43}**          Of course, even if this evidence was admissible, it should not have been considered for the truth of the matter asserted.  "It is the generally accepted view that a prior inconsistent statement is only admissible to impeach the declarant and should not

be taken into evidence to prove the truth of the matter asserted.  Ohio has long adhered to this general principle. * * * [T]he Ohio Supreme Court has said that 'when taken by surprise by the adverse testimony of its own witness, * * * the state may interrogate such witness concerning his prior inconsistent * * * statement * * * for the purpose of refreshing the recollection of the witness, but not for the purpose of offering substantive evidence against the accused.'" *State v. Dearmond*, 179 Ohio App.3d 63, 2008-Ohio-5519, at ¶26, quoting *State v. Dick* (1971), 27 Ohio St.2d 162, 165 (alterations in original, other citation omitted).  But again, Suman's counsel raised no objection on this basis before the trial court, and his counsel on appeal raised no such argument before us on appeal.  As such, we decline to sua sponte find plain error on this issue.

**{¶44}**     Accordingly, we overrule Suman's second assignment of error.

III.

**{¶45}**     Having overruled both of Suman's assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

Harsha, J., Dissenting:

The admission of the two prior inconsistent statements as substantive evidence amounts to plain error.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and appellant pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


McFarland, P.J.: Concurs in Judgment and Opinion.
Harsha, J.:  Dissents with Dissenting Opinion.




For the Court


BY:  _____
     Roger L.  Kline, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No.  14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**