IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No.   11CA33 |
| vs. | : | |
| ROBERT J. STEERS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

George J. Cosenza, 515 Market Street, P.O. Box 4, Parkersburg, West Virginia, Ohio 26102

James E. Schneider, Washington County Prosecuting Attorney, and Amy Graham, Washington County Assistant Prosecuting Attorney, 205 Putnam Street, Marietta, Ohio 45750

_____

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 7-18-13
ABELE, J.

{¶ 1}    This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence.   The trial court found Robert J. Steers, defendant below and appellant herein, guilty of the possession of marijuana in violation of R.C. 2925.11(A).

{¶ 2}    Appellant assigns the following error for review:

> "THE COMMON PLEAS COURT OF WASHINGTON
> COUNTY ERRED WHEN IT DENIED THE APPELLANT'S
> MOTION TO SUPPRESS ANY AND ALL EVIDENCE SEIZED
> FROM THE APPELLANT'S PROPERTY AND HOME."

{¶ 3}   On June 30, 2011, the Washington County Grand Jury returned an indictment that charged appellant with the possession of marijuana in violation of R.C. 2925.11(A) and (C)(3)(d).   Appellant pled not guilty.

{¶ 4}   On July 12, 2011, the state filed a Crim.R. 13 joinder motion that requested the trial court to try appellant's marijuana possession case together with case number 10-CR-325. Case number 10-CR-325 charged appellant with cultivating the same marijuana that he allegedly possessed.[1]   The court granted the motion and joined the cases for trial.

{¶ 5}   Appellant later agreed with the state to plead no contest to possession of marijuana in return for a dismissal of case number 10-CR-325.

{¶ 6}   On October 25, 2011, appellant entered a no contest plea to charge of the possession of marijuana.   The trial court found appellant guilty and sentenced him to serve forty-five days in jail and three years of community control.   This appeal followed.

{¶ 7}   In his sole assignment of error, appellant asserts that the trial court erred by overruling his motion to suppress evidence.   However, before we can consider the merits of appellant's assignment of error, we first must ascertain whether we can review the trial court's decision that overruled appellant's motion to suppress evidence.

{¶ 8}   Appellant did not file a motion to suppress evidence, and the trial court did not issue a decision regarding a motion to suppress evidence, in case number 11-CR-178.   Case number 11-CR-178 is the case that appellant has appealed.   Instead, appellant filed a motion to

---

[1]   Appellant did not file a notice of appeal from case number 10-CR-325.    Thus, none of those filings are before us on appeal.    We, however, have gathered these limited facts from the state's motion to join the two cases for trial.    Although appellant has attached filings from 10-CR-325 to his supplemental brief, those attachments are not properly before us and will not be considered.

suppress evidence in the cultivation of marijuana case (case number 10-CR-325), before the possession of marijuana case (case number 11-CR-178) was filed.

{¶ 9}   App.R. 4(A) requires a party to file a notice of appeal within thirty days of the judgment or order appealed.   App.R. 3(D) sets forth the required contents of a notice of appeal and states: "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."

{¶ 10}  The timely filing of a notice of appeal is the only jurisdictional requirement for perfecting an appeal.   Transamerica v. Nolan, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995), syllabus.   An appellant's failure "to take any other step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court deems appropriate, which may include dismissal of the appeal.'" Id. at 322, quoting App.R. 3(D).

{¶ 11}  When a trial court consolidates or joins cases for trial, a party ordinarily must file a separate notice of appeal from each case in which error is alleged.   See State v. Mansaray, 8th Dist. No. 90647, 2009-Ohio-1237, ¶¶12-13; Marcum v. Colonial Ins. Co. of Wisconsin, 10th Dist. No. 02AP-917, 2003-Ohio-4369, ¶20; Cleveland v. Prihoda, 8th Dist. No. 65778 (Mar. 24. 1994); Shaw v. Shaw, 72 Ohio App.3d 546, 595 N.E.2d 500 (8th Dist. 1991).   A notice of appeal that lists only one of the consolidated or joined cases will be deemed to be an appeal of the specified case only.   See Mansaray; Marcum.   To be effective as a notice of appeal of more than one judgment, the notice must at least list all case numbers appealed.   See Natl. Mut. Ins. Co. v. Papenhagen, 30 Ohio St.3d 14, 16, 505 N.E.2d 980 (1987) (holding that "fail[ing] to file separate notices of appeal for cases that had been consolidated in the trial court * * * is not a jurisdictional

defect" when the notice of appeal lists both case captions and case numbers and when the appellant demonstrates that the error was inadvertent and in good faith; and noting that such a notice of appeal "fulfilled its basic purpose of informing the parties and the court, in a timely manner, of appellant's intention of appealing a specified judgment").

{¶ 12} For instance, in Mansaray the state filed two indictments against the defendant. The trial court joined the indictments for trial. Appellant filed motions to suppress evidence in both cases, and the trial court overruled the motions. On appeal, the defendant challenged both trial court's decisions overruling his motions to suppress. The appellate court, however, observed that the defendant did not file a notice of appeal from both judgments. The court thus determined that it lacked jurisdiction to consider appellant's arguments that related to the court's judgment that he failed to separately appeal. The court explained:

" * * * [W]e note that although Mansaray's assigned errors include arguments related to Case No. CR-491214, he failed to file an appeal from that case. The notice of appeal filed only relates only to Case No. CR-486992. A review of the lower court file indicates that although the cases were joined for trial, two separate journal entries were entered for the convictions and sentences in each case and separate files were maintained.
      The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. Therefore, while in the general sense, this court has jurisdiction to hear appeals in criminal cases, that jurisdiction must be invoked by the timely filing of a notice of appeal. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored. Consequently, we have no jurisdiction to consider Mansaray's arguments that relate to Case No. CR-491214.

Id. at ¶¶12-13 (footnotes and citations omitted).

{¶ 13} In Marcum, the appellant's notice of appeal referenced only one case number. In the body of the notice of appeal, the appellant stated she "hereby appeal[ed] the decision and entry of July 22, 2002" with no references to the other consolidated cases. Id. at ¶20. The

appellate court thus concluded that because the appellant's notice of appeal listed only one of the consolidated cases, her notice of appeal was effective only to the specified case.

{¶ 14} In Shaw, the plaintiff filed a timely notice of appeal from one of two consolidated cases. Her assignments of error, however, concerned issues that arose in the consolidated case that she had failed to timely appeal. Moreover, the plaintiff failed to include the record from the case in which the alleged errors occurred. The court of appeals determined that because the plaintiff failed to timely appeal the case in which the alleged errors arose and failed to perfect the record, it must presume the regularity of the proceedings. The court explained:

> "'A presumption of validity attends the trial court's action. In the absence of an adequate record, which is the appellant's responsibility, see App.R. 9 and Loc.R. 3 of the Ninth Appellate District, we are unable to evaluate the merits of the assignments of error and must affirm the trial court's decision. Knapp v. Edwards Laboratories, (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385; Meinhard Commercial Corp. v. Spoke & Wheel, Inc., (1977), 52 Ohio App.2d 198, 201–202, 6 O.O.3d 180, 182, 368 N.E.2d 1275, 1277.' Volodkevich v. Volodkevich, (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238.
> In addition, the fact that two cases were consolidated by the trial court does not relieve plaintiff of timely appealing each case and perfecting the record."

Id. at 547-548.

{¶ 15} In the case at bar, appellant's assigned error relates to the trial court's decision to overrule the motion to suppress that he filed in case number 10-CR-325. Appellant did not file a motion to suppress in the case currently on appeal (Case number 11-CR-178). Consequently, the trial court did not issue a decision that overruled a motion to suppress evidence in case number 11-CR-178.

{¶ 16} In the case sub judice, the trial court joined the cases for trial, but maintained separate files. Moreover, it issued its decision to overrule appellant's motion to suppress

evidence in case number 1-CR-325, before the state filed the indictment in case number

11-CR-178.   The trial court's judgment of conviction and sentence in case number 11-CR-178

does not also bear case number 10-CR-325.   Instead, the court issued separate judgment entries

to dispose of each case.

{¶ 17}  Appellant timely appealed 11-CR-178.   He did not, however, appeal case number

10-CR-325.[2]   Thus, our jurisdiction is limited to the issues raised in 11-CR-178 and we may not

consider the trial court's decision in case number 10-CR-325 that overruled appellant's motion to

suppress evidence.   Accord Prihoda (declining to consider assignments of error relating to trial

court's decision overruling motion to suppress in consolidated case when appellant failed to

appeal that case).

{¶ 18}  We acknowledge that courts should strive to resolve cases on their merits, rather

than technicalities.   E.g., State ex rel. Wilcox v. Seidner, 76 Ohio St.3d 412, 667 N.E.2d 1220

(1996); Fisher v. Mayfield, 30 Ohio St.3d 8, 11, 505 N.E.2d 975 (1987), citing DeHart v. Aetna

Life Ins. Co., 69 Ohio St.2d 189, 23 O.O.3d 210, 431 N.E.2d 644 (1982).   We believe, however,

that attempting to appeal a trial court's decision to overrule a motion to suppress that was not

filed in the case being appealed is more than a mere technicality.   Additionally, Crim.R. 12(C)

requires a defendant to file a motion to suppress illegally-obtained evidence before trial.   If a

defendant does not file a motion to suppress evidence before trial, the defendant waives all but

plain error on appeal.   E.g.,  State v. Wade, 53 Ohio St.2d 182, 373 N.E.2d 1244 (1978),

---

[2]  We observe that the parties agree that the trial court dismissed case number 10-CR-325.   Thus, we are obviously aware that appellant would have no reason to attempt to appeal that case.    Appellant, however, could have filed a motion to suppress that he filed in 10-CR-325 and part of the record in 11-CR-178.

paragraph three of the syllabus, vacated on other grounds Wade v. Ohio, 438 U.S. 911, 98 S.Ct. 3138, 57 N.E.2d 1157 (1978); State v. Wallace, 3rd Dist. No. 14–10–20, 2011–Ohio-1728, ¶8; State v. Raber, 189 Ohio App.3d 396, 2010-Ohio-4066, 938 N.E.2d 1060, ¶26.

{¶ 19} Generally, we recognize plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Landrum, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990), quoting State v. Long, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right. E.g., State v. Barnes, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

{¶ 20} In the case at bar, appellant has not suggested that we review his assignment of error using a plain error analysis. We therefore decline to do so sua sponte. State v. Suman, 4th Dist. No. 10CA11, 2010-Ohio-6204, ¶43. Accord State v. Wright, 9th Dist. No. 25638, 2011-Ohio-5641, ¶5, quoting State v. Arnold, 9th Dist. No. 24400, 2009–Ohio–2108, at ¶8 ("'[T]his Court will not construct a claim of plain error on a defendant's behalf if the defendant fails to argue plain error on appeal.'").

{¶ 21} Additionally, appellant's contention that case number 11-CR-178 was an "amendment" to the indictment filed in 10-CR-325 is incorrect. Based upon the record before this court, case number 11-CR-178 is an entirely separate criminal case, not an amendment to 10-CR-325. If it were an amendment to the indictment filed in 10-CR-325, then it would have been filed as such. Instead, the state filed it as a new criminal matter.

{¶ 22}  Accordingly, based upon the foregoing reasons, we have no jurisdiction to consider appellant's assignment of error to challenge the trial court's decision to overrule his motion to suppress evidence.   Consequently, we hereby dismiss this appeal.

APPEAL DISMISSED.

[Cite as *State v. Steers*, 2013-Ohio-3266.]

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## <u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.