[Cite as *State v. Cagle*, 2016-Ohio-5367.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 15CA0037-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JEFFREY M. CAGLE | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 01CR0487 |

DECISION AND JOURNAL ENTRY

Dated: August 15, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Jeffrey Cagle, appeals the judgment of the Medina County Court of Common Pleas denying his motion to vacate sentence. We affirm the trial court's judgment.

I.

{¶2} In 2001, Cagle pled no contest to various sex offenses, including rape, in case number 01CR0476. The trial court subsequently entered a finding of guilt in that matter. At the same time, he also pled guilty to one count of pandering sexually oriented material involving a minor in case number 01CR0487. In case number 01CR0476, the trial court sentenced Cagle to a mandatory term of life imprisonment while in case number 01CR0487, the trial court sentenced Cagle to one year in prison. The sentences were ordered to run concurrently. Cagle did not appeal from his conviction and sentence.

{¶3} In 2015, Cagle filed a motion to vacate sentence in case number 01CR0487, challenging the imposition of a mandatory life sentence.[1] The basis for Cagle's motion was that the sentence was void and contrary to law. The trial court denied the motion. Cagle filed this timely appeal, which presents one assignment of error for our review.

II.

**Assignment of Error**

**The trial court abused its discretion by denying the motion to vacate for a sentence that is contrary to law and violates Crim.R. 11 in violation of the Appellant's 6th and 14th Amendment rights to the United States Constitution.**

{¶4} In his sole assignment of error, Cagle argues that the trial court abused its discretion by denying his motion to vacate sentence. Specifically, he argues that the trial court should have vacated the sentence because it is contrary to law.

{¶5} We, however, are unable to address Cagle's assignment of error because he filed his motion to vacate under the wrong case number. That is, Cagle filed his motion to vacate his sentence in case number 01CR0476 in the separate case, case number 01CR0487, which pertains to one charge of pandering sexually oriented matter involving a minor. Because Cagle filed his motion in the incorrect case, the record for the separate pandering case, not the rape case, was transmitted to this Court on appeal. Accordingly, we do not have the record before us on which to consider Cagle's legal arguments. As such, we affirm the trial court's decision denying Cagle's motion to vacate his sentence. *See State v. Daniels*, 9th Dist. Lorain No. 4082, 1987 WL 7929, * 1 (Mar. 11, 1987) (affirming the trial court's denial of the defendant's motion to dismiss charges since the defendant filed his motion in the wrong case).

---

[1] We note that Cagle filed his motion under the wrong case number.

III.

**{¶6}** The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JEFFREY M. CAGLE, pro se, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.