[Cite as *State v. Cagle*, 2020-Ohio-316.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

JEFFREY M. CAGLE

    Appellant

C.A. No.    19CA0058-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    01CR0476

DECISION AND JOURNAL ENTRY

Dated: February 3, 2020

CALLAHAN, Presiding Judge.

{¶1}    Appellant, Jeffrey M. Cagle, appeals an order of the Medina County Court of Common Pleas that denied his motion to withdraw a no contest plea. This Court affirms.

I.

{¶2}    On September 18, 2002, Mr. Cagle pleaded no contest to forcible rape, complicity to commit forcible rape, pandering sexually oriented matter involving a minor, and endangering children. The trial court sentenced Mr. Cagle to two mandatory terms of life imprisonment and two concurrent seven-year prison terms, informed him that postrelease control was mandatory, classified him as a sexual predator, and notified him of his corresponding registration duties. Mr. Cagle did not file a direct appeal. In 2015, Mr. Cagle filed a motion to vacate his sentence, but did so in the context of a different criminal case. *See State v. Cagle*, 9th Dist. Medina No. 15CA0037-M, 2016-Ohio-5367, ¶ 3. The trial court denied the motion, and this Court affirmed because we did not have the trial court record that would permit review of his arguments. *Id*. at ¶

5. On June 19, 2019, Mr. Cagle moved the trial court to set aside his no contest plea and sentence. The trial court denied the motion, and Mr. Cagle appealed.

## II.

### ASSIGNMENT OF ERROR NO. 1

THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN IGNORING THE CONSTITUTIONAL RIGHT OF EQUAL PROTECTION[.]

### ASSIGNMENT OF ERROR NO. 2

THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN ACCEPTING A CONSTITUTIONALLY TAINTED PLEA[.]

{¶3} In his first and second assignments of error, Mr. Cagle argues that the trial court erred by denying his motion to withdraw his guilty plea. Because Mr. Cagle's assignments of error fail for the same reason, this Court addresses them together.

{¶4} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. Postsentence relief under Crim.R. 32.1 is only available in extraordinary cases characterized by "a fundamental flaw in the plea proceedings resulting in a miscarriage of justice." *State v. Straley*, Slip Opinion No. 2019-Ohio-5206, ¶ 14. Res judicata bars the assertion of claims against a judgment of conviction in a motion under Crim.R. 32.1 when those claims were or could have been raised on direct appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59.

{¶5} Mr. Cagle's motion argued that he should be permitted to withdraw his plea because aspects of his sentence were incorrect. Mr. Cagle did not file a direct appeal from his 2002 convictions. Nevertheless, the arguments that he raised in his motion to vacate his plea

could have been raised in a direct appeal. *Compare State v. Farraj*, 8th Dist. Cuyahoga No. 101468, 2015-Ohio-1292, ¶ 13 (alleged sentencing errors in merging allied offenses were barred by res judicata). Consequently, Mr. Cagle is now barred from raising them under the doctrine of res judicata. *See Ketterer* at ¶ 59.

{¶6}  Mr. Cagle's assignments of error are overruled.

III.

{¶7}  Mr. Cagle's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

JEFFREY M. CAGLE, pro se, Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.