[Cite as *In re A.D.*, 2021-Ohio-4583.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: A.D.

C.A. No.    30055

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DN 20 01 0024

DECISION AND JOURNAL ENTRY

Dated: December 29, 2021

CALLAHAN, Judge.

{¶1}    Appellant Father appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated the parents' parental rights and placed their child in the permanent custody of Summit County Children Services Board ("CSB" or the "agency"). This Court affirms.

I.

{¶2}    Mother and Father are the biological parents of A.D. (d.o.b. 12/24/2019). On January 10, 2020, while the infant was still in the NICU and detoxing from exposure to drugs in utero, CSB filed a complaint alleging that A.D. was an abused, neglected, and dependent child. Both parents' substance abuse issues formed the crux of the agency's allegations.

{¶3}    At adjudication, CSB withdrew some allegations, and Mother stipulated that the child was abused (endangered) and dependent. Based on Mother's stipulation and evidence presented by the agency in Father's absence, the juvenile court adjudicated A.D. an abused and

dependent child. After a dispositional hearing, A.D. was placed in the temporary custody of CSB. The juvenile court adopted the agency's case plan as an order. The original case plan and a subsequent amended case plan each contained objectives for both parents.

{¶4} Eleven months into the case, CSB filed a motion for permanent custody. It alleged that A.D. could not or should not be returned to the parents' care based on their (1) failures to remedy the conditions that brought the child into agency care, (2) chronic chemical dependency issues, (3) lack of commitment to the child, and (4) unwillingness to provide for the child's basic needs. CSB further alleged that permanent custody was in the child's best interest. Mother moved for a first six-month extension of temporary custody. Father did not file a dispositional motion but his attorney, in Father's absence, later asserted at the permanent custody hearing that Father supported Mother's motion.

{¶5} After an evidentiary hearing, the juvenile court found that A.D. could not or should not be returned to either parent based on their lack of commitment to the child. Further finding that an award of permanent custody to CSB was in the child's best interest, the juvenile court terminated Mother's and Father's parental rights. Father filed a timely appeal and raises two assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE APPELLATE COURT LACKS JURISDICTION TO CONSIDER THIS APPEAL AS THE TRIAL COURT FAILED TO ISSUE A FINAL, APPEALABLE RULING.

{¶6} Father argues that this Court has no jurisdiction to address the merits of his appeal because the juvenile court failed to issue a final, appealable order. Specifically, Father argues

that a typographical error in the case number on the trial court's judgment renders the judgment non-final. This Court disagrees.

{¶7} This Court acknowledges that

Article IV, Section 3(B)(2) of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. Generally, whether an order is final and appealable is determined by the effect the order has on the pending action, rather than the name attached to the order or its general nature.

(Internal quotations and citations omitted.) *In re T.P.*, 9th Dist. Summit No. 27539, 2015-Ohio-3448, ¶ 9.

{¶8} The Summit County Juvenile Court Clerk of Court apparently uses a case numbering system that identifies the type of case, e.g., DN for dependent/neglect/abuse cases. The case type designation is followed by two digits representing the year, two digits representing the month the case was filed, and a number representing how many such cases had been filed that year to that point. When this case was filed in the juvenile court, the complaint was assigned case number DN 2001000024, being the 24th case filed in 2020. The case was filed in January, as indicated by the "01." The juvenile court typically separates the year, month, and case filing order numbers with dashes for clarity. Throughout this record, documents bear various versions of the case number, including DN 20-01-000024, DN 20-01-024, DN 20-1-24, and DN 20-01-24. Father does not argue that he was unaware of any documents filed in the record below notwithstanding the variation of the case number format.

{¶9} In addition, each document entered in the record bears a bar code with the case number above it and an assigned journal entry number below it. In this case, the visiting judge who heard the permanent custody motion issued a "Notice of Award of Permanent Custody to [CSB]" and a "Judgement Entry: Permanent Custody to [CSB]." Both documents bore the case number DN 20-02-024, instead of DN 20-01-024. The juvenile court clerk stamped the

permanent custody judgment entry with a bar code which identified the case number as DN2001000024 and assigned it a journal entry number of 939074. The juvenile court then issued a notice to all parties pursuant to Civ.R. 58(B) that the judgment had been filed. The notice stated that "Journal Entry # 939074 was filed and entered on[ ] 06/24/2021[.]"

{¶10} Father argues that the typographical error in the permanent custody judgment entry, which misidentifies the month the case was filed, renders the judgment non-final. None of the cases he cites, however, are binding, persuasive, or on point.

{¶11} In *State v. Cagle*, 9th Dist. Medina No. 15CA0037-M, 2016-Ohio-5367, ¶ 5, we declined to address the denial of a motion to vacate a sentence in one criminal case because the defendant-appellant filed his motion to vacate in a different criminal case than the one appealed. Accordingly, we did not have the correct trial court record before us for review. In *Hinton v. Vansickle*, 9th Dist. Wayne No. 21AP0012, 2021-Ohio-1536, ¶ 5-7, this Court dismissed a petition for a writ of procedendo to compel a municipal court judge to rule on a motion to vacate a judgment entered by a common pleas court judge. Because the petitioner named the wrong respondent, he could not prevail on his writ. *Id.* at ¶ 3. These cases are distinguishable from the instant case in which this Court has the proper juvenile court record before us and the record concerns Father and the relevant child who was placed in the permanent custody of CSB.

{¶12} Father cites two other cases from our sister districts. *See Golden Goose Properties, L.L.C. v. Leizman*, 8th Dist. Cuyahoga No. 101002, 2014-Ohio-4384, and *State v. Steers*, 4th Dist. Washington No. 11CA33, 2013-Ohio-3266. Neither is analogous to the circumstances in this case. Moreover, even if relevant, neither would be binding authority on this Court.

{¶13} Father has failed to demonstrate that a typographical error in the case number rendered the permanent custody judgment in this case non-final. Accordingly, this Court is not divested of jurisdiction to consider the merits of his appeal. Father's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT TERMINATED FATHER'S PARENTAL RIGHTS AND PLACED THE CHILD IN THE PERMANENT CUSTODY OF CSB WHEN THE AGENCY DID NOT PROVIDE REASONABLE REUNIFICATION EFFORTS.

{¶14} Father argues that the juvenile court erred by granting permanent custody of A.D. to CSB because the agency failed to make reasonable reunification efforts. This Court disagrees.

{¶15} R.C. 2151.419(A)(1) requires the juvenile court to determine whether the agency has used reasonable reunification efforts at any hearing at which the court removes a child from his home or continues the child's removal from his home. It is well settled that "the statute imposes no requirement for such a determination at the time of the permanent custody hearing unless the agency has not established that reasonable efforts have been made prior to that hearing." (Internal quotations omitted.) *In re L.R.*, 9th Dist. Summit Nos. 29266 and 29271, 2019-Ohio-2305, ¶ 14, quoting *In re A.C.-B.*, 9th Dist. Summit Nos. 28330 and 28349, 2017-Ohio-374, ¶ 22; *see also In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 41-43 (concluding that a reasonable efforts determination is necessary at a permanent custody hearing only if the agency has not demonstrated its use of reasonable efforts prior to that time).

{¶16} In this case, the juvenile court found that CSB had used reasonable efforts to prevent the child's removal from the parents' home at every hearing, including shelter care, adjudication, disposition, and both review hearings. At no time did Father or any other party challenge those findings.

{¶17} As Father failed to object or move to set aside any reasonable efforts determinations by the juvenile court, he has forfeited any challenge to the agency's use of reasonable efforts on appeal except for a claim of plain error. *See In re L.R.* at ¶ 18. To demonstrate plain error, Father must show not only trial court error, but also resulting prejudice. *In re T.G.*, 9th Dist. Summit No. 29658, 2020-Ohio-4802, ¶ 22. As Father has not provided any transcripts of the prior hearings after which the juvenile court consistently found CSB's use of reasonable efforts, this Court must presume regularity as to those reasonable efforts determinations. *See In re L.R.* at ¶ 18. Accordingly, Father has failed to demonstrate error by the juvenile court necessary to substantiate plain error.

{¶18} Father additionally argues that CSB failed to use reasonable reunification efforts based on the agency's alleged non-compliance with federal law addressing case plans. This Court recently rejected an identical argument in *In re B.H.*, 9th Dist. Summit Nos. 29998 and 29999, 2021-Ohio-4152, ¶ 24-25. We reject Father's argument for the same reasons.

{¶19} Father did not object to either case plan filed by the agency. He has, therefore, failed to preserve any challenge to the form or substance of the case plans. Moreover, he has not argued or demonstrated how any alleged deficiency in the case plan prejudiced him, and this Court discerns no prejudicial effect requiring reversal of the judgment. Father's second assignment of error is overruled.

III.

{¶20} Father's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

MICHELE TOMER, Attorney at Law, for Appellee.

AVIVA WILCHER, Guardian ad Litem.