[Cite as *In re K.C.*, 2022-Ohio-113.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: K.C.
   A.N.

C.A. Nos.  30057
       30058


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos. DN 19-7-592
      DN 19-7-593

DECISION AND JOURNAL ENTRY

Dated: January 19, 2022

---

SUTTON, Judge.

{¶1} Appellant, A.T. ("Mother"), appeals a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her two minor children and placed them in the permanent custody of Summit County Children Services Board ("CSB"). This Court affirms.

I.

{¶2} Mother is the biological mother of K.C., born June 3, 2016; and A.N., born August 15, 2017. The father of K.C., who is also the alleged father of A.N., is deceased.

{¶3} On July 18, 2019, CSB filed complaints, alleging that K.C. and A.N. were abused, neglected, and dependent children after the police removed them from Mother's custody pursuant to Juv.R. 6. The complaint alleged that Mother was living in a hotel with the children, where she was failing to supervise them; abusing heroin, fentanyl, and methamphetamine in their

presence; and keeping drugs, drug manufacturing supplies, and paraphernalia within access of the children. At the time the police found and removed the children, who were then one and three years old, the children were outside the hotel room without supervision while Mother was passed out inside the hotel room. K.C. and A.N. were later adjudicated abused and dependent and placed in the temporary custody of CSB.

{¶4} The trial court adopted CSB's original case plan, which required Mother to complete a substance abuse assessment and follow all treatment recommendations, abstain from abusing alcohol and drugs, resolve all criminal charges, and achieve and maintain stability. Mother did not submit to drug testing, sign releases of information, or otherwise comply with the requirements of the case plan.

{¶5} When the police removed the children pursuant to Juv.R. 6, Mother was charged with child endangering and the criminal court later issued an order that Mother have no contact with her children. In lieu of conviction and as a condition to lift the no contact order, the criminal court referred Mother to its drug court diversion program, which required her to successfully complete drug treatment. Mother obtained a substance abuse assessment and was diagnosed with severe opioid use disorder. She was referred to inpatient drug treatment, which first required her to complete a detoxification program. Because Mother did not report to the detox program as required, she was incarcerated until she was released into another program. Throughout the next several months, Mother failed to consistently comply with the treatment or court appearance requirements of the drug court program, so she was incarcerated several times and the no contact order with her children remained in effect.

{¶6} In addition to failing to engage in drug treatment services that were ordered by the criminal and juvenile courts, Mother did not maintain contact with either court, CSB, the

guardian ad litem, or her trial counsel. During October 2020, Mother's trial counsel was permitted to withdraw because he had been unable to contact Mother for more than 90 days.

{¶7} On January 4, 2021, CSB moved for permanent custody of both children. Two months later, Mother contacted the juvenile court, and her prior counsel was re-appointed to represent her throughout the permanent custody proceedings. Following an evidentiary hearing, the trial court terminated parental rights and placed K.C. and A.N. in the permanent custody of CSB. Mother appeals and raises one assignment of error.

II.

### ASSIGNMENT OF ERROR

> THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT TERMINATED MOTHER'S PARENTAL RIGHTS AND PLACED THE CHILD[REN] IN THE PERMANENT CUSTODY OF CSB WHEN THE AGENCY DID NOT PROVIDE REASONABLE REUNIFICATION EFFORTS.

{¶8} Mother does not challenge the trial court's decision on either prong of the permanent custody test. Instead, she argues that the trial court erred by granting permanent custody of K.C. and A.N. to CSB because the agency failed to make reasonable reunification efforts. This Court disagrees.

{¶9} R.C. 2151.419(A)(1) requires the juvenile court to determine whether the agency has used reasonable reunification efforts at any hearing at which the court removes a child from his home or continues the child's removal from his home. It is well settled that "the statute imposes no requirement for such a determination at the time of the permanent custody hearing unless the agency has not established that reasonable efforts have been made prior to that hearing." (Internal quotations omitted.) *In re L.R.*, 9th Dist. Summit Nos. 29266 and 29271, 2019-Ohio-2305, ¶ 14, quoting *In re A.C.-B.*, 9th Dist. Summit Nos. 28330 and 28349, 2017-Ohio-374, ¶ 22; *see also In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 41-43 (concluding

that a reasonable efforts determination is necessary at a permanent custody hearing only if the agency has not demonstrated its use of reasonable efforts prior to that time).

{¶10} In this case, after each hearing that resulted in the removal of the children from Mother's custody or continued their placement outside the home, the trial court found that CSB had made reasonable efforts to prevent their continued removal or to make it possible for them to safely return home. *See* R.C. 2151.419(A)(1). Those hearings included the shelter care, adjudicatory, and dispositional hearings. *See id.*; *In re C.F.* at ¶ 41. At no time did Mother or any other party challenge the reasonable efforts findings. In fact, with the representation of court-appointed counsel, Mother affirmatively waived her rights to evidentiary hearings and agreed to the trial court's shelter care, adjudicatory, and dispositional decisions in this case.

{¶11} Although each of Mother's written hearing waivers explicitly retained her right to raise objections to any of the trial court's findings, she did not do so. As Mother failed to object or move to set aside any of the reasonable efforts determinations by the juvenile court, she has forfeited her challenge to the agency's use of reasonable efforts on appeal except for a claim of plain error. *See In re L.R.* at ¶ 18. To demonstrate plain error, Mother must show not only trial court error, but also resulting prejudice. *In re T.G.*, 9th Dist. Summit No. 29658, 2020-Ohio-4802, ¶ 22. As Mother has not provided any transcripts of the prior hearings after which the trial court consistently found CSB's use of reasonable efforts, this Court must presume regularity as to those reasonable efforts determinations. *See In re L.R.* at ¶ 18. Accordingly, Mother has failed to demonstrate error by the trial court necessary to substantiate plain error.

{¶12} Mother additionally argues that CSB failed to use reasonable reunification efforts based on the agency's alleged non-compliance with federal law addressing case plans. This Court has rejected this same argument before. *See*, *e.g.*, *In re A.D.*, 9th Dist. Summit No. 30055,

2021-Ohio-4583, ¶ 18, citing *In re B.H.*, 9th Dist. Summit Nos. 29998 and 29999, 2021-Ohio-4152, ¶ 24-25.  We again reject Mother's argument for reasons explained in *In re B.H.* at ¶ 24-25:

> [Mother] presents a form-over-substance argument which cannot prevail.  She cites federal provisions which she admits only implicate federal funding for state child welfare agencies. *See*, *e.g.*, 42 U.S.C. 622, 670, and 671.  No federal provisions cited by Mother provide for the negation of any lawful order by a state court.
>
> As this Court has frequently noted, the juvenile court derives its sole authority in dependency, neglect, and abuse cases from the comprehensive statutory scheme set out in R.C. Chapter 2151. *E.g.*, *In re A.P.*, 9th Dist. Medina No. 12CA0022-M, 2012-Ohio-3873, ¶ 16.  R.C. 2151.412 addresses case plans and further directs the director of job and family services to adopt rules regarding the content, format, development, implementation, and modification of case plans.  Those rules are found in various provisions of the Ohio Administrative Code.

{¶13} Mother also forfeited any challenge to the case plans in this case. Mother stipulated to the dispositional decision in which the trial court adopted the original case plan.  CSB amended the case plan once, and Mother filed no objection to the amended case plan.  *See* R.C. 2151.412(F)(2).  She has, therefore, failed to preserve any challenge to the form or substance of the case plans.  Mother has not argued or demonstrated how any alleged deficiency in the case plan prejudiced her, and this Court discerns no prejudicial effect requiring reversal of the judgment.  Mother's assignment of error is overruled.

### III.

{¶14}  Mother's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SHUBHRA AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.

ANGELINA GINGO, Guardian ad Litem.